UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHELLE BROWN, as Personal Representative of the Estate of
MARY BILLMAN,

          Plaintiff,     CASE NO.:

vs.

BIG OLAF CREAMERY, LLC, a Florida limited liability company,

          Defendant.
_____/

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff, Richelle Brown, as Personal Representative of the Estate of Mary Billman, by and through undersigned counsel, sues Defendant, Big Olaf Creamery, a Florida limited liability company, for her Complaint alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Richelle Brown, is the duly appointed Personal Representative of the Estate of Mary Billman and resides in the State of California.

2. This action is brought on behalf of the Decedent's survivors and Estate. The survivor is identified as the husband of Mary Billman:

    a) Richard Billman, is the husband of the Decedent, Mary Billman. Richard Billman seeks to recover the value of lost support and services from the date of

COMPLAINT FOR PERSONAL INJURIES - 1

Decedent's injury to her death, with interest, and future loss of support and services from the date of death and reduced to present value. Richard Billman also seeks to recover the loss of Decedent's companionship and protection and for mental pain and suffering from the date of injury.

3.  Defendant, Big Olaf Creamery, LLC, was at all times relevant a limited liability company organized under the laws of the State of Florida, with its principal office and business location at 2001 Cattlemen Road, Sarasota, Florida 34232. The Defendant was therefore, at all times relevant, a citizen of the State of Florida.

4.  Defendant is a creamery that manufactures, distributes, and sells ice cream products. On information and belief, the Defendant prepares and sells its products for service and sale at retail ice cream parlors, including ice cream parlors owned and operated by the Defendant under the name "Big Olaf's Creamery." Big Olaf's website states as follows:

> Our primary focus is to serve ice cream parlors with a full range of premium frozen products. The ice cream is made at a small creamery in Sarasota's Amish village of Pinecraft. Every tub of Big Olaf Ice Cream is hand mixed with the finest ingredients and is then churned in batch freezers by local Amish Craftsmen.
>
> The smooth, creamery consistency comes from two sources: attention to detail, and fresh, high butter fat (14%) milk.

## JURISDICTION

5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332(a) because the matter in controversy exceeds $75,000.00 exclusive of costs and it is between citizens of different states.

COMPLAINT FOR PERSONAL INJURIES - 2

6. Venue in the United States District Court of the Middle District of Florida is proper pursuant to 28 U.S.C. section 1391(b)(1) because Defendant's principal place of business is located within the district and because the Defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

## FACTS

### Big Olaf *Listeria Monocytogenes* Outbreak

7. On July 2, 2022, the Centers for Disease Control and Prevention announced the preliminary results of an epidemiologic investigation conducted into the *Listeria monocytogenes* illnesses of 23 people who live, or who lived prior to their deaths, in 10 different states. The investigation into these illnesses had shown that that the cause of the outbreak was Big Olaf's ice cream products.

8. The first case of illness in the outbreak experienced onset of symptoms of *Listeria monocytogenes* infection in January 2021. Illnesses occurred sporadically over the course of the year and a half since the first case became ill, continuing to cause illnesses through June of 2022. Due to the delay in symptom onset and illness reporting, the total number of people sickened in this outbreak is not yet known.

9. The 10 states where cases in this outbreak live, including the number of cases in each state, are as follows: Florida (12), Colorado (1), Georgia (1), Illinois (1), Kansas (1), Massachusetts (2), Minnesota (1), New Jersey (1), New York (2), Pennsylvania (1). Among the 10 cases who did not live in Florida, 8 of them had traveled to Florida in the month before onset of symptoms.

COMPLAINT FOR PERSONAL INJURIES - 3

10. Listeriosis is a serious infection caused by the bacteria *Listeria monocytogenes*. People usually become ill with listeriosis after eating contaminated food. The disease primarily affects pregnant women, newborns, older adults, and people with weakened immune systems. It's rare for people in other groups to get sick with *Listeria monocytogenes* infection.

11. Listeriosis is usually a mild illness for pregnant women, but it causes severe disease in the fetus or newborn baby. Some people with *Listeria monocytogenes* infections, most commonly adults 65 years and older and people with weakened immune systems, develop severe infections of the bloodstream (causing sepsis) or brain (causing meningitis or encephalitis). *Listeria monocytogenes* infections can sometimes affect other parts of the body, including bones, joints, and sites in the chest and abdomen.

**Historical outbreaks linked to ice cream products**

12. Outbreaks of foodborne disease linked to contaminated ice cream products are by no means a new phenomenon. The following chart provides representative examples:

| Year | State/Multistate | Agent | Ill | Hospitalized | Died | Brand |
|---|---|---|---|---|---|---|
| 2021-2022 | Multistate | *Listeria monocytogenes* | 23 | 22 | 1 | Big Olaf Creamery |
| 2014 | Washington | *Listeria monocytogenes* | 2 | 2 | 0 | Snoqualmie Ice Cream |
| 2010-2015 | Multistate | *Listeria monocytogenes* | 10 | 10 | 3 | Blue Bell |
| 2008 | Vermont | *E. coli* O157:H7 | 6 | 3 | 0 | Homemade Ice Cream, unpasteurized milk |
| 2008 | Minnesota | *Salmonella* Heidelberg | 2 | 0 | 0 | Homemade ice cream |

COMPLAINT FOR PERSONAL INJURIES - 4

| Year | State/Multistate | Agent | Ill | Hospitalized | Died | Brand |
|---|---|---|---|---|---|---|
| 2008 | California | *E. coli* O157:H7 | 2 | 0 | 0 | Consumed at a restaurant; brand or pasteurization unknown |
| 2007 | California | Norovirus | 17 | 0 | 0 | Ice cream with berries, berries were likely the contaminated ingredient |
| 2007 | Pennsylvania | *Campylobacter* | 3 | 0 | 0 | Homemade ice cream |
| 2007 | Minnesota | Hepatitis A | 15 | 6 | 0 | Ice cream or yogurt at a restaurant |
| 2007 | West Virginia | *Salmonella Enteritidis* | 8 | 2 | 0 | Homemade ice cream |
| 2006 | Belgium | *E. coli* O145 and *E. coli* 026 | 12 | 5 | 0 | Ice cream at a farm |
| 2006 | California | *Salmonella* | 6 | 0 | 0 | Homemade Ice Cream |
| 2005 | Multistate | *Salmonella Typhimurium* | 26 | 11 | 0 | Cold Stone Creamery (cake batter was the contaminated ingredient) |
| 1994 | Multistate | *Salmonella Enteritidis* | 12 | 0 | 0 | Schwan's Ice Cream – the estimated # of ill cases is 224,000! |
| 1993 | Florida | *Salmonella Enteritidis* | 593 | | | Homemade Ice Cream |

**The *Listeria monocytogenes* illness and death of Mary Katherine Billman**

13.     On January 18, 2022, Mrs. Billman was in the State of Florida, visiting her daughter who lives in Hollywood, Florida. On this date, at the Big Olaf's Creamery ice

COMPLAINT FOR PERSONAL INJURIES - 5

cream parlor located at 3350 Bahia Vista in Sarasota, Florida, Mrs. Billman consumed ice cream that had been manufactured, distributed, and sold by the Defendant Big Olaf. The ice cream that Mrs. Billman consumed on this date was contaminated by *Listeria monocytogenes*.

14.     On or about January 25, 2022, Mrs. Billman began to suffer from gastrointestinal symptoms and a low-grade fever. She was scheduled to travel to California that day with her daughter, but on the advice of a physician at a local walk-in clinic, she did not make the trip. Urinalysis done on a specimen given on this date showed that Mrs. Billman was suffering from a urinary tract infection.

15.     Mrs. Billman's symptoms persisted, and on January 27, 2022, she woke up with a fever over 103 degrees. Her daughter called and ambulance and Mrs. Billman was rushed to the emergency department at Memorial Regional Hospital in Hollywood, Florida, where she soon began treatment for a septic illness.

16.     Over the course of the next two days, Mrs. Billman's organs began to shut down due to her septic illness. By the time her family was able to see her again, she was unconscious. She would never regain consciousness, and died on January 29, 2022, leaving behind her husband, the Plaintiff; three daughters named Kelli Mitsdarfer, Kara Gray, and Richelle Brown; eight grandchildren; and four great-grandchildren.

COMPLAINT FOR PERSONAL INJURIES - 6

# COUNT I
## Strict Liability

17. Plaintiff readopts and incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. The adulterated ice cream products that Big Olaf manufactured and sold to the decedent were, at the time the food products left the control of Big Olaf, defective and unreasonably dangerous because the ice cream products were contaminated by *Listeria monocytogenes,* a dangerous foodborne pathogen.

19. The ice cream products reached the decedent without any change in their defective condition, and the decedent used the food products for their intended use by consuming them. That the ice cream products were contaminated by *Listeria monocytogenes*, a dangerous foodborne pathogen, rendered them defective in that the risks associated with consuming the ice cream products exceeded a reasonable buyer's expectations.

20. Big Olaf owed the decedent a duty to design, manufacture, and sell food that was not adulterated, that was fit for human consumption, that was reasonably safe in construction, and that was free of pathogenic bacteria or other substances injurious to human health. Big Olaf breached this duty.

21. As a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated ice cream products that Big Olaf manufactured and sold, Mary

Billman was injured and died and the Personal Representative is entitled to recover all damages specified in Florida Wrongful Death Act on behalf of the Estate and survivors.

## COUNT II
### Breach of Warranty

22. Plaintiff readopts and incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

23. Big Olaf is liable to the Plaintiff for breach of express and implied warranties that it made regarding the ice cream products sold to decedent. These express and implied warranties included the implied warranties of merchantability and fitness for a particular use.

24. Specifically, Big Olaf expressly warranted, through its sale of food to the public and by the statements and conduct of its employees and agents, that the food that Big Olaf prepared and sold was fit for human consumption and was not otherwise adulterated or injurious to health.

25. Plaintiff alleges that the adulterated ice cream products that Big Olaf sold to the decedent would not pass without exception in the trade and were therefore in breach of the implied warranty of merchantability.

26. Plaintiff alleges that the adulterated ice cream products that Big Olaf sold to the decedent was not fit for the uses and purposes intended, *i.e.,* human consumption, and that these ice cream products were therefore in breach of the implied warranty of fitness for their intended use.

27. As a direct and proximate cause of the several breaches of warranty described above, the Plaintiff sustained injuries and damages in an amount in excess of the jurisdictional minimum of this Court.

### COUNT III
### Negligence

28. Plaintiff readopts and incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

29. Big Olaf owed the decedent a duty to use reasonable care in the manufacture and sale of its ice cream products. Big Olaf's observance of this duty would have prevented or eliminated the risk that the ice cream products manufactured and sold to its customers, like the decedent, would be contaminated with dangerous bacteria like *Listeria monocytogenes*. Big Olaf breached this duty and was therefore negligent.

30. Big Olaf owed the decedent a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its ice cream products. Big Olaf breached this duty and was therefore negligent.

31. Big Olaf owed the decedent a duty to properly supervise, train, and monitor its employees, and to ensure that its employees complied with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its ice cream products. Big Olaf breached this duty and was therefore negligent.

32. Big Olaf owed the decedent a duty to use ingredients, supplies, and other constituent materials in its ice cream products that were reasonably safe, wholesome, free of

COMPLAINT FOR PERSONAL INJURIES - 9

defects, and that otherwise complied with applicable statutes, laws, regulations, or safety codes. Big Olaf breached this duty and was therefore negligent.

33. As a direct and proximate result of the aforementioned acts and omissions of negligence, the Plaintiff sustained injuries and damages in an amount in excess of the jurisdictional minimum of this Court.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable on all counts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

A. Ordering compensation for all general, special, incidental, and consequential damages suffered by Plaintiff because of Defendant's conduct.

B. Awarding Plaintiff costs and expenses, including reasonable attorneys' fees to the fullest extent allowed by law; and

C. Granting all such additional and/or further relief as this Court deems just and equitable.

DATED: July 5, 2022.          Respectfully submitted,

**SCOTT WEINSTEIN, PLLC**

/s/Scott Wm Weinstein
Scott Wm Weinstein, Esq., FLBA #563080
PO Box 413005
Naples FL 34101
(239) 221-6361
scott@scottweinstein.com

COMPLAINT FOR PERSONAL INJURIES - 10

**CHAIKIN LAW FIRM PLLC**

/s/ Jordan L. Chaikin
Jordan L. Chaikin, Esq., FLBA #0878421
2338 Immokalee Road, #170
Naples, FL 34110
Tel: 239.470.8338
Jordan@chaikinlawfirm.com

**MARLER CLARK, LLP, PS**

/s/William D. Marler
William D. Marler, WSBA #17233
R. Drew Falkenstein, WSBA #33401
(Pending admission *pro hac vice*)
1012 First Avenue, Fifth Floor
Seattle, WA 98104
(206) 346-1888
bmarler@marlerclark.com
dfalkenstein@marlerclark.com

***Attorneys for Plaintiff***

COMPLAINT FOR PERSONAL INJURIES - 11